**INDEMNITY INS. CO. OF NORTH AMERICA v. ARCHIBALD et al.　(No. 2068.)** *

Court of Civil Appeals of Texas. El Paso.
Oct. 27, 1927.

Rehearing Denied Nov. 17, 1927.

1. Warehousemen ⬥⟿18 — Words "in accordance with law," inserted in public warehouseman's bond, held surplusage, and not to qualify duty undertaken; "in accordance with law" (Rev. St. 1925, art. 5569).

Since Rev. St. 1925, art. 5569, did not enumerate duties to be performed by public warehouseman for breach of which it was liable, insertion of words in warehouseman's bond for performance of duty "in accordance with the law" *held* surplusage, and not to limit or qualify duty undertaken to be performed by warehouseman as such.

[Ed. Note.—For other definitions, see Words and Phrases, In Accordance With.]

2. Warehousemen ⬥⟿18 — Whether public warehouseman performed its duty is determinable from facts (Rev. St. 1925, art. 5569).

Since Rev. St. 1925, art. 5569, does not prescribe the duties of a public warehouseman, whether warehouse performed conditions of its bond to faithfully perform duties as public warehouseman must be determined from consideration of other facts and circumstances.

3. Warehousemen ⬥⟿18—Duty to be performed by warehouseman must be within contemplation of statutory bond (Rev. St. 1925, art. 5569).

The duty to be performed by a public warehouse must be within contemplation of the bond of a warehouseman as prescribed by Rev. St. 1925, art. 5569.

4. Warehousemen ⬥⟿18—Handling of C. O. D. packages and remittance of proceeds collected held within contemplation of bond of public warehouseman (Rev. St. 1925, art. 5569).

Handling of C. O. D. packages and remittance of proceeds collected, while not prescribed as a duty of a public warehouseman under Rev. St. 1925, art. 5569, not being prohibited, *held* within contemplation of its bond to faithfully perform its duty as a public warehouseman, since such delivery was in direct line, and in furtherance, of its own business, and in line with other warehousemen, and was customary and usual.

5. Warehousemen ⬥⟿18—Insurer on bond of public warehouseman was charged with knowledge of warehouseman's business and its nature (Rev. St. 1925, art. 5569).

Where handling of C. O. D. packages and remittance of proceeds collected, while not prescribed as a duty of warehousemen under Rev. St. 1925, art. 5569, was in direct line, and in furtherance, of warehouse business, and in line with business of other warehousemen, and was customary and usual, insurer on its bond to faithfully perform its duties as a public warehouseman was bound with knowledge of insured's business and its nature.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by J. E. Archibald and others, copartners trading as Lancaster Products Company, against the Southern Forwarding Company and another. From a judgment for plaintiffs, defendant the Indemnity Insurance Company of North America appeals. Affirmed.

Albert B. Hall, of Dallas, for appellant.

Austin S. Dodd, Geo. Sergeant, and McCormick, Bromberg, Leftwich & Carrington, all of Dallas (W. C. Gowan, of Dallas, of counsel), for appellees.

WALTHALL, J. Appellees J. E. Archibald and others named in the petition, copartners trading as Lancaster Products Company, sued appellant Southern Forwarding Company, a Texas warehouse corporation, as principal, and appellant Indemnity Insur-

---

⬥⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed on agreed motion December 21, 1927.

ance Company of North America, a corporation, as surety, on account of a bond conditioned that the principal therein would "faithfully perform its duty as a public warehouseman, in accordance with the law," to recover the sum of $960, alleged to have been collected by such principal, and wrongfully appropriated to its own use and benefit, said sum of money representing the proceeds of sales of merchandise shipped by appellees to it, and by it shipped to the purchasers thereof, as and when sold and designated by appellees Archibald and others. Appellant answered by demurrers, general and special, general denial, and pleaded a cross-action against H. S. Dodson, its indemnitor; pleaded that there had been no breach of the bond declared on, because the matters and things complained of did not involve any duty of a public warehouseman provided by law, but merely acts and omissions of the Southern Forwarding Company in its private capacity as a collecting and sales agent, and that it was entitled to relief as against its indemnitor. Dodson answered substantially, as did appellant. The court overruled all exceptions of all parties, and, the case being tried to the court, judgment was entered for appellees.

Appellant does not question the fact that the Southern Forwarding Company made the C. O. D. shipments of the merchandise stored with it for appellees, collected the amount of money sued for from the various purchasers, and failed to remit to appellees the sums collected, but appropriated them to its own use and benefit. Appellant denies liability on the bond, solely on the contention that the loss did not occur in a breach of duty imposed by statute upon the warehouseman. The Southern Forwarding Company procured the certificate of a public warehouseman prescribed by article 5569, R. C. S., in force at the time of this transaction, and executed and filed and had approved a bond with appellant as surety in the penal sum prescribed by said article of the statute, conditioned: "That, should the said Southern Forwarding Company, Inc., faithfully perform its duty as a public warehouseman, in accordance with the law," the obligation to be void, otherwise to remain in force. Briefly stated, the issue presented is: Is appellant, the surety on the warehouseman bond, liable for the money collected by it as warehouseman, and not paid or remitted, but wrongfully appropriated to its own use and benefit?

[1] It will be noted that, while the condition of the warehouseman's bond prescribed by statute is "for the faithful performance of his duty as a public warehouseman," there is inserted in the bond here the additional words, "in accordance with the law." The statute in effect at the time of the execution of the bond does not enumerate the duties to be performed by public warehousemen, for

the breach of which it will be liable, and we are of the opinion that the above-quoted added words to the statutory condition of the bond might be regarded as surplusage, and as in no way limiting or qualifying the duty undertaken to be performed by the public warehouseman as such. Or the expression "in accordance with law" might be regarded as including all duties prescribed by law or customs then existing and germane to the matter undertaken and usually incident to the duties assumed.

Appellees pleaded in effect that, at the time stated, the Southern Forwarding Company was handling nationally advertised products, and agreed with appellees, for a consideration, to store and distribute appellee's C. O. D. shipments, and collect and remit for same; that such duties are customarily and usually done and performed by warehouse companies.

The evidence amply sustains the facts pleaded, both as to the alleged agreement and the custom. Appellant submits that the limit of the duty of the Southern Forwarding Company was to receive, keep, and deliver the goods stored with it, for hire, and that its liability to appellees is limited to a faithful performance of such duties; that it is not liable for failure to perform a duty not prescribed or required by law, though such duty might have arisen by contract, or by long-established custom.

[2, 3] If appellant means to assert the proposition that the limit of the duty of the Southern Forwarding Company is only such as is prescribed by statute law, we do not find such limit of duty prescribed by statute. The statute prescribes simply that, if the appellant receives articles of property in store for hire, it shall be deemed and taken to be a public warehouseman, and that, before transacting any business in such public warehouse, it shall procure a certificate, issued on application, that it is transacting business as a public warehouseman under the laws of this state, and prescribes certain things the certificate shall set forth, but the things required to be set forth do not include a statement of the duty of the warehouseman. The certificate when issued gives authority to carry on and conduct the business of a public warehouse. Then we must look elsewhere for the duty of which the bond obligates a faithful performance. It must be conceded that the duty to be performed must be within the contemplation of the statutory bond of a warehouseman.

Appellant refers us to Brown v. Sneed et al., 77 Tex. 471, 14 S. W. 248, as sustaining its contention that it is not liable, since the duties of the Southern Forwarding Company to ship the C. O. D. packages, to collect for same, and to remit the sums collected, are only contract or assumed duties, and duties created by long-established custom and usage. The

case referred to was a suit on an official bond, where the duties are explicitly prescribed by the statute creating the office, and in which the duties assumed by Sneed under the agreement with Brown were different from those imposed by the statute. Hence it was held the sureties were not liable. The case is not altogether analogous to the case at bar. However, in that case Judge Hobby says:

"Any person who by virtue of his office or employment receives into his custody the money of his principal must account for the same, and his failure to do so constitutes a breach of trust; and if such person has given bond for the faithful performance of his duties, both he and his sureties are liable and may be sued."

[4, 5] The handling of C. O. D. packages, while not prescribed as a duty of a warehouseman, was not prohibited by any statute; it was in direct line and in furtherance of its own business, and, according to the evidence, was in line with other warehousemen, and was customary and usual. Insurers in such cases are bound with a knowledge of assured's business and its nature.

Finding no reversible error, the case is affirmed.