REPUBLIC UNDERWRITERS V. TILLAMOOK BAY FISH CO. ET AL.

No. 7273. Decided April 5, 1939.
Rehearing overruled April 26, 1939.
(126 S. W., 2d Series, 641.)

142

*Darden, Burleson & Wilson,* of· Waco, for the appellant.

*Richey, Sheehy & Teeling,* and *Victor B. Rogers,* all of Waco, for appellees.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

In compliance with the rules of the Supreme Court the Court of Civil Appeals has transmitted with its certificate the opinion written by it on original hearing. On motion for re-

hearing the Court has certified to the Supreme Court the following question:

"Were we correct in holding that the surety on J. M. Ford's bond, as a warehouseman, was not liable for his failure to remit to the owner the funds collected by him for goods previously stored with him and delivered by him at the request of the owner thereof?"

We are answering this question in the affirmative. In order to show the pertinency of the question certified and the reasoning on which the Court based its conclusion, we copy from the opinion as follows:

"This suit was brought by Tillamook Bay Fish Company and others against J. M. Ford, a public warehouseman, and Republic Underwriters, as surety upon his bond as such, to recover the balance of the sales price of certain salmon originally stored with said Ford and later delivered by him at plaintiff's request, the sales price of which the said Ford failed to remit. The jury answered certain special issues in favor of plaintiffs and judgment was entered accordingly. Republic Underwriters alone appealed.

"The facts are without dispute. Ford was engaged in operating a public warehouse at Lubbock. In 1933, he, as principal, and Republic Underwriters, as surety, executed and filed with the county clerk a bond in the sum of $5000.00, conditioned as follows: 'The condition of this obligation is such, however, that should the said J. M. Ford faithfully perform-duty as a public warehouseman, in accordance with the law, then this obligation is to be null and void; otherwise, the same is to remain in full force and effect for one year from date.' During the life of said bond the appellee Tillamook Bay Fish Company delivered to Ford a shipment of canned salmon, with the understanding that said merchandise should be delivered to a certain purchaser in parcels from time to time, and upon delivery of any portion thereof the said Ford should collect the purchase price and remit the same to said Fish Company, or its assignee. Ford delivered all of said merchandise and collected for same as per the agreement but failed to remit the sales price to the extent of $1164.13. This suit was brought to collect the balance. The jury found that there was a general custom among public warehousemen, upon request of the owner, to deliver merchandise to purchasers and collect the purchase price therefor and remit the same to the seller.

144

■■ "The material question is whether or not the bond given by Ford as a public warehouseman covered transactions such as is here under consideration. The bond, by its terms, obligated the principal therein to faithfully discharge the duties of a public warehouseman in accordance with the law. At that time, Revived Statutes, Art. 5664, defined a warehouseman as a person lawfully engaged in the business of storing goods for profits. Other provisions of the Uniform Warehouse Receipts Act, as embodied in Chapter 4, Title 93 of the Revised Statutes 1925, defined more in detail the duties of a public warehouseman. The bond was given in compliance with the provisions of the statute as a prerequisite to the right to qualify as a public warehouseman and it is apparent that the surety in executing the same did so in the light of the statutes then in force defining the duties of a public warehouseman and the surety's liability so assumed cannot be extended beyond the duties so embodied in the statutes. 7 Tex. Jur. 86; 9 C. J. 34; American Surety Company v. State, 277 S. W. 790; American Surety Company v. Tarbutton, 248 S. W. 435; Brown v. Sneed, 77 Texas 471, 14 S. W. 248. No provision is found in the statutes making it the duty of a public warehouseman to collect and remit the sale price of goods stored with him. It has been held that the sale of merchandise and the collection and remittance of the proceeds of such sale do not come within the duties of a public warehouseman under the provisions of the Uniform Warehouse Receipts Act. State v. American Surety Co., 148 Or. 1, 35 Pac. (2d) 487; Butcher v. Commonweath, 103 Pa. 528. The fact that such extra duties are customtomarily assumed by those engaged in the business does not enlarge the obligation of the surety on the bond where the statute defines the duties of the principal and the bond which was given in compliance with the provisions of the statute merely binds the principal to perform the duties as such in accordance with the law. Brown v. Sneed, 77 Texas 471, 14 S. W. 248.

■ "We do not consider it material to determine whether this bond was given in compliance with the provisions of Revised Statutes, Art. 5569, which is a part of Chapter 2, of Article 5661, which is a part of Chapter 4, of Title 93 of our statutes. Each of these chapters were adopted at the same time, when the statutes were recodified in 1925, and are to be construed together. 39 Tex. Jur. 260. Each of the articles above referred to requires every person operating a public warehouse to execute a bond in the sum of $5000.00 for the faithful per-

formance of his duties as such. The other provisions of Chapter 4, defining the duties of a public warehouseman, were adopted at the same time as the above articles and must be read in connection with the provisions thereof in order to ascertain the duties so assumed by a surety on such bond.

"Our attention has been called to the case of Indemnity Insurance Company v. Archibald, 299 S. W. 340, in which the El Paso court, under facts substantially the same as here under consideration, held that the surety was liable for the funds collected by the warehouseman on the ground that the collection and remittance of such funds were within the duties customarily performed by warehousemen. It should be noted, however, that the date of the bond there under consideration was not given in the opinion, and the court in passing on the issue stated that 'the statute in effect at the time of the execution of the bond does not enumerate the duties to be performed by public warehousemen, for the breach of which it will be liable * * *.' Apparently, the bond under consideration in that case was executed prior to the adoption of the Uniform Warehouse Receipts Act, as now embodied in Chapter 4, Title 93 of Revised Statutes, 1925, or else that Act was not called to the attention of the court. Since the statute now in force defines the duties of a public warehouseman, we think a different rule should apply from that announced in the case above referred to."

We add the following: The statute defines a warehouseman as a "person lawfully engaged in the business of storing goods for profit." This definition limits the statutory duties of a warehouseman to "storing goods for profit," under the provision fixed by law.

■ While the warehousemen might make a valid additional contract (which we do not need to decide), the surety's obligation extends only to the statutory duties.

The question is answered in the affirmative.

Opinion adopted by the Supreme Court April 5, 1939.

Rehearing overruled April 26, 1939.