**ASA S. AGAR, Inc., v. TEXAS UNDER-WRITERS et al.**

**No. 10548.**

Court of Civil Appeals of Texas.
San Antonio.

May 24, 1939.

Rehearing Denied June 14, 1939.

Brown & Criss, of Harlingen, for appellant.

Warren P. Castle and Charles T. Pritchard, Jr., both of Houston, and Cameron & Hardin, of Edinburg, for appellees.

SLATTON, Justice.

This suit was instituted by Asa S. Agar, Inc., against Texas Underwriters in the District Court of Cameron County, to recover upon a bond given by Piowaty Bros. of Texas, Inc., as a condition precedent to doing business in Texas, as required by Arts. 118b and 1287—2, R.C.S. 1925, as amended, Vernon's Ann.Civ.St. arts. 118b, 1287—2.

According to the trial pleadings Asa S. Agar, Inc., sold and delivered to Piowaty Bros. of Texas, Inc., certain goods, wares and merchandise, as shown by an open account exhibited to said pleadings. Said vendee had agreed to pay the sum charged, to-wit, $1510.07, which had not been paid. That such goods consisted of boxes, nails, wraps, baskets, picking rings, sacks, etc., all of which were essential in the vendee's business as a dealer and handler of citrus fruit.

It was alleged that Piowaty Bros. of Texas, Inc., was hopelessly insolvent and that the liability of the original surety on said bond had been assumed by Texas Underwriters. The trial court entertained the opinion that the bond was not given for the benefit of Asa S. Agar, Inc., and sustained the general demurrer presented by Texas Underwriters. Asa S. Agar, Inc., declined to amend and as a result the suit was dismissed. Asa S. Agar, Inc., appeals.

It may be conceded that if the bond given pursuant to the requirement of the statutes by Piowaty Bros. of Texas, Inc., and assumed by the appellee inures to the benefit of Asa S. Agar, Inc., then the action of the trial court must be reversed. On the other hand, if the bond was given for the benefit of persons other than Asa S. Agar, Inc., the action of the trial court must be affirmed.

The pertinent provisions of the citrus fruit growers' Act are as follows:

Art. 118b, Section 1:

"(c) 'Person' shall mean and include any individual, partnership, group of persons or corporation or business unit handling citrus fruit in the State of Texas.

"(d) 'Handle' means buying or offering to buy, selling, or offering to sell or shipping for the purpose of selling or processing in any form, whether as owner, agent, or otherwise, any citrus fruit within the State of Texas.

"(e) 'Dealer' means any person who handles fruit as the word 'handle' is defined in (d) of this Section."

Section 4 of said Article, among other things, provides: "Such bond to be in such form as the Commissioner may prescribe and shall be conditioned upon compliance with the provisions of this Act and upon the faithful performance and compliance with the conditions and terms of all contracts made by said dealers in connection with the handling of citrus fruits under this Act. Cause of action may be maintained upon said bond by any person with whom applicant deals in purchasing, handling, selling and accounting for sales of citrus fruit as provided in this Act."

The material portion of the statute as contained in Art. 1287—1, Section 5, is as follows: "Said bond shall be to the State in favor of every consignor or producer of farm products. Any consignor or producer of farm products claiming to be injured by the fraud, deceit, or wilful negligence of any commission merchant, dealer, or broker, may bring action upon said bond * * *."

The bond was given with the provisions of the statutes as a condition precedent to the right to act as a dealer in citrus fruit and farm products within the State, and it is apparent that the surety in executing the same did so in the light

of the statutes then in force defining the duties of those engaging in such business, and the surety's liabilities so assumed cannot be extended beyond the duties so embodied in the statutes. Republic Underwriters v. Tillamook Bay Fish Co. et al., Tex.Civ.App., 127 S.W.2d 219, Supreme Court.

A fundamental rule to be applied in the construction of a statute is to ascertain the legislative intent and when once ascertained it is the law. City of Waco v. McCraw, 127 Tex. 268, 93 S.W.2d 717. Such intent is to be derived from the words of the statute itself. Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037.

Applying these simple rules to the statutes as a whole and the material portions thereof convinces us that the bond was intended for the benefit of the producer, seller, or consignor of citrus fruit or farm products covered by the Acts, and not for the benefit of persons such as appellant. It is insisted by the appellant that the statute, in the following terms, clearly evidences an intent upon the part of the legislature to protect by the bond the faithful performance of all contracts "with whom applicant deals in * * * handling * * * of citrus fruit," and that his contract is embraced and protected by the bond.

To our minds the statute with the quoted definitions cannot be given that construction. As the statute defines the word "handle" to mean "buying or offering to buy, selling, or offering to sell or shipping for the purpose of selling * * * citrus fruit," it is seen that the contract sought to be protected by the bond in this suit was not made with the appellant in connection with the "shipping for the purpose of selling" citrus fruit.

The further provision of the statute giving a cause of action on the bond to "any person with whom applicant deals," must be construed in the light of the definition contained in said statute of the word "person." That word is said to mean "any individual, partnership, group of persons or corporation or business unit handling citrus fruit in the State of Texas." It cannot be said that one who sells boxes, crates, nails, etc., to be used by a producer or shipper of citrus fruit is such a person within the purview of the statute.

The contract sued upon by the appellant not being within the class embraced by the bond given under the statutes, the trial court correctly sustained the general demurrer of appellees.

Accordingly the judgment is affirmed.