

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

August 24, 1949

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                    Opinion No. V-894

Re: Validity of appropria-
tion of funds in H.B.
322, Acts 51st Leg.,
R.S., 1949, to the De-
partment of Education
and other agencies from
the Foundation School
Fund.

Your request for an opinion relates to the
validity of the appropriation to the State Department
of Education and other agencies from the Foundation
School Fund in the General Departmental Appropriation
Bill (House Bill 322, 51st Legislature). We quote
the questions submitted:

"1. Is the appropriation of funds
contained in the General Departmental Ap-
propriation Bill (House Bill 322, 51st
Legislature) to the State Department of
Education and other agencies from the
Foundation School Fund valid in view of
the provisions of Senate Bill No. 117,
51st Legislature, creating said fund and
the provisions of Senate Bill No. 116,
51st Legislature, providing the manner
in which money shall be expended from
such fund?

"2. If your answer to the above
question is in the negative, is such ap-
propriation valid as an appropriation
from the General Revenue Fund?"

You state that you know of no litigation or departmental policy or rule bearing on the questions submitted.

Section 1 of S.B. 117, Acts 51st Leg., R.S., 1949, reads in part:

"... there is hereby appropriated, allocated, transferred and credited to a special fund to be known as the Foundation School Fund such an amount as is determined by the Foundation School Fund Budget Committee, which is hereby created...."

The Foundation School Fund (from the Clearance Fund) and the Foundation School Fund Budget Committee (State Commissioner of Education, State Auditor and State Comptroller of Public Accounts) are created by said Senate Bill 117 as appears from the portion thereof quoted above.

Section 1 of said Bill further provides the purpose for which said funds shall be transferred and credited to the Foundation School Fund:

"... for the purpose of financing a Foundation School Program as defined in the Foundation School Program Act...."

Article X of S.B. 116, Acts 51st Leg., R.S., 1949, (Foundation School Program Act) reads in part:

"Warrants for all money expended according to the provisions of this Act shall be approved and transmitted to treasurers of depositories of school districts in the same manner as warrants for State apportionment are now transmitted."

It will be noted that Section 1 of Senate Bill 117 contains a similar provision:

"... warrants for all money expended from the Foundation School Fund shall be approved by the State Commissioner of

Education and transmitted by him to the treasurers of depositories of school districts to which grants are made in the same manner as warrants for State apportionment are now transmitted."

We do not construe the provisions of the Acts to be a limitation upon the power of the Legislature to make an appropriation from the Fund for the support of administrative functions described in the Gilmer-Aikin laws. The language merely describes the procedure for payments which are authorized to the school districts. The same Legislature made specific appropriations for administrative purposes from the Foundation School Fund. Section 1 of H.B. 322, Acts 51st Leg., R.S., 1949, reads in part:

"... there is hereby appropriated for each of the fiscal years of the biennium ending August 31, 1951 ...$490,000 to the State Department of Education from the Foundation School Fund, created by Senate Bill 117, Acts of the Regular Session, 51st Legislature, 1949...."

Subsection (34), Section 2 of H.B. 322, Acts 51st Leg., R.S., 1949, reads in part:

"There is hereby specifically appropriated out of any moneys in the General Revenue Fund not otherwise appropriated, the amount necessary for each month if on a monthly basis, or each year if on a yearly basis, of the biennium ending August 31, 1951, to pay the full amounts contemplated and provided by Senate Bill No. 117 ... should there be insufficient money ... to carry out in full the purposes and provisions of said Senate Bill No. 117...."

The intention of the Legislature in enacting Senate Bills 115, 116 and 117, and House Bill 322 is not entirely clear from the language of the individual Acts and therefore we believe they should be taken together and examined to arrive at the true meaning. The statutes relate to the same subject matter, and may be considered to be in pari materia.

In 2 Sutherland Statutory Construction (3rd Ed. 1943) 535, it is said:

"Statutes are considered to be _in pari materia_ -- to pertain to the same subject matter -- when they relate to the same person or thing; or to the same class of persons or things, or have the same purpose or object."

The rule that statutes _in pari materia_ will be considered together applies with peculiar force to Acts passed in the same Session of the Legislature. 39 Tex. Jur. 258, Statutes, Sec. 137, and cases there cited.

A fundamental rule to be applied in the construction of a statute is to ascertain the legislative intent, and when once ascertained, it is the law. See _Agar, Inc. v. Texas Underwriters, et al._, 129 S.W.2d 374 (Tex. Civ. App., 1939, error ref.).

The language, "... all money expended according to the provisions of this Act shall ..." in Senate Bill 116, is not exclusive and does not prevent the Legislature from appropriating money out of the Fund by another Act at the same Session for administration of the Foundation School Program. The appropriation in House Bill 322 is therefore harmonious with the provisions of Senate Bill 116. If the Legislature intended this provision to be the same in both Acts, the words, "according to the provisions of this Act," may be supplied in Senate Bill 117. 2 Sutherland Statutory Construction (3rd Ed., 1943) 453; 39 Tex. Jur. 183, Statutes, Sec. 96, and cases there cited. We think such was the intention of the Legislature.

There is no necessary conflict between the language, "... for the purpose of financing a Foundation School Program ..." in Senate Bill 117, and the appropriation bill, and such language is not a limitation upon the Legislature in allocating funds for or appropriating money from such Fund for administration necessary to carry out the purpose of the Fund.

Section 1 of Article I, Senate Bill 116 (the Foundation School Program Act), reads in part:

"... It is the purpose of this Act to guarantee to each child of school age in Texas the availability of a minimum Foundation School Program for nine (9) full months of the year, and to establish the eligibility requirements applicable to Texas public school districts in connection therewith."

Section 2 of Article I, Senate Bill 115, reads in part:

"The Central Education Agency shall exercise, under the Acts of the Legislature, general control of the system of public education at the State level...."

This language of the Acts (S.B. 115, 116, 117 and H.B. 322) discloses interdependence of purpose. The Foundation School Program cannot become a reality until activated by administrative officers and agencies provided in Senate Bill 115 "for general control of the System of Public Education at the State level." Therefore, funds for salaries of administrative officers to conduct the Program at the State level are as necessary to the Program as are funds for payments to the school districts.

The program cannot function without administrative supervision and the expenditure of funds for that purpose. Thus, the administrative cost of the Program is in reality a part of the Program itself. As has already been pointed out, the Legislature has made a specific appropriation for that purpose in House Bill 322.

House Bill 322 does not attempt to amend or repeal any of the provisions of Senate Bills 115, 116 and 117. These Acts relate to the same general subject and should be considered together. If being so considered, they can be harmonized and effect given to each, there is no conflict. Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W. 197 (1913); 106 Tex. 94, 157 S.W. 937 (1913), overruling motion for rehearing; Neill v. Keese, 5 Tex. 25 (1849). Thus considered, there is no repugnancy between the provisions of these statutes. They may stand together and effect

may be given to the entire provisions of each in accordance with the established rules of construction. Brown v. Chancellor, 61 Tex. 438 (1884).

The Acts name two sources of State funds for the Foundation School Fund -- transfer from the Clearance Fund by the Comptroller in an amount determined by the Foundation School Fund Budget Committee as necessary to finance the Foundation School Program described in the Foundation School Program Act, and transfer from the General Revenue Fund should there be insufficient money in the Fund to carry out the purposes expressed in Senate Bill 117.

We think from an examination of the Acts the Legislature intended, by the enactment of Senate Bills 115 and 116, to create substantially new administrative machinery for the conduct of the public free school system of Texas and, by the appropriation in House Bill 322, to pay the cost of such system, including administration, from funds allocated to the Foundation School Fund created by Senate Bill 117. It follows that the Legislature must have intended to authorize the Comptroller to transfer money into the Fund to pay administrative expenses since it made an appropriation for that purpose from such Fund. To determine the legislative intent to have been otherwise would render the legislative action ineffective and useless, and it is not presumed that the Legislature intended to do a useless thing. 39 Tex. Jur. 245, Statutes, Sec. 131, and cases there cited. As pointed out in Southwestern Gas and Electric Co. v. State, 190 S.W.2d 132 (Tex. Civ. App., 1945, affd. 193 S.W.2d 675), an intention to do a useless, ineffective thing should never be ascribed to the Legislature in performance of its law enacting functions. There is a presumption against a construction which would render a statute ineffective or inefficient or which would cause grave public injury or even inconvenience. Bird v. U.S., 187 U.S. 118 (1902); also see U.S. v. Powers, 307 U.S. 214 (1939).

The Legislature has the duty to "... provide by law for the compensation of all officers, servants, agents, and public contractors, not provided for in this Constitution...." Texas Const. Art. III, Sec. 44. Therefore if House Bill 322 is a "law" and does not violate other constitutional restrictions and is not

contrary to general law, it is valid and should be given effect.

There is a rule of law recognized in previous opinions of this department that when by general statute a fund derived from a particular source is devoted to a certain purpose such fund may not be diverted by a general appropriation bill to other and different uses. Johnson v. Ferguson, 55 S.W.2d 153 (Tex. Civ. App., 1932, error dism.); Attorney General's Opinions Nos. O-700 and V-412.

We do not consider the appropriation from the Foundation School Fund for the support and maintenance of the State Department of Education and other agencies named as appropriating money to a use different from that to which it is devoted under the terms of the Gilmer-Aikin laws. The appropriation in House Bill 322, it will be seen, is not contrary to the Gilmer-Aikin laws and is harmonious with the Constitution and laws of this State and does not contravene the rule of law (that an appropriation bill may not operate to alter or change the general law) announced in State v. Steele, 57 Tex. 203 (1882), and followed in opinions of this department. Attorney General's Conference Opinions Nos. 1802, 2787, 2970, 2965, and Attorney General's Opinions Nos. 1745, O-700, O-1837, O-2573, and V-412.

We conclude, therefore, that the appropriation which is the subject of your inquiry is valid as an appropriation from the Foundation School Fund and authorizes you to transfer, in addition to the amount determined and certified by the Foundation School Fund Budget Committee, to the Foundation School Fund from the Clearance Fund, or from the General Revenue Fund should there be insufficient money in the Foundation School Fund, for the purpose of paying salaries, per diem of Board Members, office supplies and equipment, traveling expenses, and other necessary expenses, the amounts set forth in House Bill 322, Acts of the 51st Legislature.

The only part of House Bill 322 now before us for consideration is that portion of Section 1 appearing at page 75, Senate and House Journal Supplement, 51st Leg., R.S., dated June 29, 1949, making appropriations to the State Department of Education and

other agencies from the Foundation School Fund for salaries, per diem of Board Members, office supplies and equipment, traveling expenses, and other necessary expenses, and the provisions of Subsection (34) of Section 2 thereof, appearing at page 164, Senate and House Journal Supplement, 51st Leg., R.S., dated June 29, 1949, as the same relates to the appropriations contained in the Bill to the State Department of Education and other agencies for administrative purposes from the Foundation School Fund. We express no opinion on the portions of the Bill not here involved.

## SUMMARY

The provision in the General Departmental Appropriation Bill making specific appropriations to the Department of Education and other agencies from the Foundation School Fund is in harmony with general law and the Constitution of Texas and is a valid appropriation (construing the effect of the provisions in H.B. 322, Acts 51st Leg., R.S., 1949, upon S.B. 115, 116 and 117, Acts 51st Leg., R.S., 1949).

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Everett Hutchinson

Everett Hutchinson
Assistant

EH:db

APPROVED:

Price Daniel
ATTORNEY GENERAL OF TEXAS