FARMERS ELEVATOR MUTUAL IN-SURANCE COMPANY, Plaintiff-Appellee,

v.

THE J. R. MILAM COMPANY et al. Defendants,

Fidelity and Deposit Company of Maryland, Defendant-Appellant.

No. 29517.

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1970.

George Chase, Waco, Tex., Naman, Howell, Smith & Chase, Waco, Tex., of counsel, for Fidelity and Deposit Co. of Maryland.

J. Edward Barth, Barefoot, Moler, Bohanon & Barth, Oklahoma City, Okl., for Farmers Elevator Mut. Ins. Co.; Richard L. Bohanon, Oklahoma City, Okl., of counsel.

William D. Ruckelshaus, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Department of Justice, Washington, D. C., John A. Harris, Deputy Director, Commodity Stabilization Division, Katherine A. Markwell, Atty., Department of Agriculture, Washington, D. C., for the United States of America, amici curiae.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS,* Judge of Court of Claims.

PER CURIAM:

In this case the district court had entered a judgment approving a stipulation for settlement between the Farmers Elevator Mutual Insurance Company, as subrogee of the Commodity Credit Corporation, against The J. R. Milam Company and its liquidating trustees in the amount of $14,893.55 and interest, and had ordered that the only issue remaining for consideration is the legal defense of whether plaintiff's claim as against Fidelity and Deposit Company of Maryland is covered by the warehouseman's bond written for The J. R. Milam Company (App. pp. 91 & 92).

The critical question turns upon the construction of Section 13 of Article 5577a of Vernon's Ann.Texas Civil Statutes, which sets out the duties and obligations of a person operating a public grain warehouse.

> "A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful *owner of similar goods would exercise*, but he shall not be liable, *in the absence of an agreement to the contrary*, for any loss or injury to the goods which could not have been avoided by the exercise of such care." [Emphasis added.]

Specifically, the case turns on the underscored language "in the absence of an agreement to the contrary."

Fidelity and Deposit Company relies upon Republic Underwriters v. Tillamook Bay Fish Co., 1937, 133 Tex. 141, 126 S.W.2d 641, in which it was held that a similar bond did not cover the failure of the warehouseman to remit to the depositor the price of the goods which the warehouseman had collected from the party to whom the goods had been sold by the depositor. That was because the duties of a collecting agent are not among the normal obligations of a warehouseman.

In Aetna Insurance Co. v. Junction Warehouse Co., 5 Cir. 1968, 389 F.2d 464, 466, Judge Hutcheson, speaking for this Court, distinguished the *Tillamook* case, saying, *inter alia*:

> "In a suit on the bond, the court held that conducting a sale as a factor was

* Honorable Philip Nichols, Jr., sitting by designation.

not among the statutory duties of a warehouseman. Because the statute defined a warehouseman as one in the business of 'storing goods for profit,' this was the only activity covered by the bond."

In the present case it was stipulated that The Milam Company had breached the Uniform Grain Storage Agreement and was liable to the plaintiff for the loss in quantity and quality of the grain loaded out. Plainly that was a part of its duties as a warehouseman.

It makes no difference that the Uniform Grain Storage Agreement casts upon the warehouseman the liability of an insurer with regard to delivery to Commodity Credit Corporation or its subrogee of grain of like quality and quantity to that deposited.[1]

The Milam Company had by agreement increased the measure of its liability as to such stored grain from the exercise of reasonable care to that of an insurer. We think it clear that the obligation of a surety on a bond given under the Texas statute includes such a contractual obligation assumed by the principal. The judgment is therefore

Affirmed.

1. Tulsa Grain Storage Co. v. Commodity Credit Corp., N.D.Okl.1964, 231 F.Supp. 432, 438; Farmers Elevator Mutual Insurance Co. v. Stanford, N.D.Tex.1967, 280 F.Supp. 523, 527, aff'd *sub nom.* Millers Mutual Fire Ins. Co. v. Farmers Elevator Mutual Ins. Co., 5 Cir. 1969, 408 F.2d 776.