## H. D. ADAMS ET AL. v. STATE OF TEXAS.

### No. 2451. Decided November 6, 1912.

**1.—Intoxicating Liquors—License—Bond—Repeal.**

The proviso to section 35 of the Act of April 17, 1909, (Laws, 31st Leg., 1st Called Session, p. 310) regulating the sale of intoxicating liquors, that, "as soon as this law goes into effect all licenses heretofore issued shall immediately cease and determine," terminated, on its taking effect, July 12, 1909, the liability of a surety on the bond of a liquor dealer, under the former law, for the proper conduct of the business. Though such proviso gave the holder of the license the right to continue the business "in accordance with

the cancelled license and the laws applicable to the same'' for sixty days thereafter, in order to give him time to take out a new license, as of said date, this did not keep in force the original license and bond; but in continuing the business he was doing so under the special right granted him by such Act of the Legislature; and the surety was not liable for the penalty incurred by him in failing to keep ''a quiet house,'' as required by such bond, after the new law took effect. (Pp. 376, 377.)

**2.—Same—Case Stated.**

The Robertson-Fitzhugh License Law (Act of April 17, 1909, Laws, 31st Leg., Called Session, p. 310) took effect on July 12, 1909. A liquor dealer, whose license, taken out under the former law, had not expired, continued the business for the six months thereafter permitted by section 35 of the Act, but took out no license under the new law. The State sued for and recovered penalties against him and the surety on his bond for failure to maintain a ''quiet house'' on each of six occasions, three prior and three subsequent to July 12. Held, that the liability of the surety on the bond terminated on such date; the dealer, by continuing his business thereafter, accepted the terms of the new Act and became liable for the penalties for violating the law. The judgments for all six penalties are affirmed against the dealer. Those on the first three only are affirmed against the surety. (Pp. 376-378.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Limestone County.

The State sued Adams and another for penalties and had judgment. Defendants obtained writ of error on the affirmance of the judgment on their appeal.

*Doyle & Jackson, T. L. Camp,* and *Walter Nold,* for plaintiffs in error.—To authorize a recovery upon a liquor dealer's bond, the saloon man must, at the time of the alleged breaches, be legally in business, and it is necessary for the party seeking to recover penalties to allege and prove every condition precedent before a recovery can be had. Under the allegations of plaintiff's petition, the license and bond under which the defendant Adams was doing business had expired, ceased, and determined by operation of law, and subsequent thereto no liability could attach by virtue of said liquor dealer's bond. Acts of Thirtieth Legislature, page 258, Chapter 138 (Baskin-McGregor Bill); Acts of the first called session of the Thirty-first Legislature, page 293, Chapter 17, especially Section 35 of this law, page 310 (Robertson-Fitzhugh Bill); Ex parte Vaccarezza, 52 Texas Crim., 105; Burckell v. State, 47 Texas Civ. App., 393; Littleton, County Judge, v. Downer, 124 S. W., 994; Opinion of Attorney General of the State of Texas to J. W. Stephens, Comptroller, pages 500-508, especially on page 508, as published in ''Opinions of the Attorney General of the State of Texas from the year 1908 to 1910''; State v. Williams, 8 Texas, 265; Malone v. Craig, 22 Texas, 609; Clark v. North Muskegon, 50 N. W. 254; Roberts v. Yarborough & Wimberly, 41 Texas, 449; Williams v. Turnpike Co., 4 Pick. (Mass.), 341, 344; Seed Co. v. Bank, 92 Texas, 192; Enc. Plead. & Prac., vol. 16, page 275; Rice v. Lemmon, 16 Texas, 594; 31 Cyc., 103, 104; H. E. & W. T. Ry. v. Campbell, 91 Texas, 557.

*Bradley & Herring* and *C. S. Bradley,* for defendants in error.— The appellant, Adams, having qualified himself as a liquor dealer,

under the Baskin-McGregor Act, and having taken out a license to sell intoxicating liquors at retail, on September 21, 1908, while that Act was in force, and having at the same time given the bond sued on, which was approved and filed, thereby became a retail liquor dealer under that Act, and he and the surety on his bond as such became liable for the penalties therein provided for a violation of such Act. This liability continued during such time as he should remain in business during the period of one year, at the end of which time his license would have expired, which was September 20, 1909, unless the law under which he was acting was repealed in the meantime. The Robertson-Fitzhugh Act was enacted in the meantime and went into effect on July 12, 1909, but it did not have the effect of repealing the Baskin-McGregor Act in the sense that the conduct of the business by Adams after July 11, 1909, became or was illegal and without authority of law, so as to abrogate his license and bond and relieve him and his surety from the obligations which they assumed in becoming such. By the terms of the later act there were given Adams sixty days' time, after it should take effect (July 12, 1909) in which to comply with the terms of same, and during said sixty days he had the right to pursue his business under and in accordance with his license and labored under the burden of conducting his business in accordance with the laws applicable to same, which laws were kept in force for that purpose for sixty days.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

On the 21st day of September, 1908, a license was granted by the State of Texas to H. D. Adams to sell intoxicating liquors in quantities less than a quart, etc., for one year, at Datura in Limestone County, and on the same day Adams executed a bond in the form prescribed by law. The American Surety Company of New York signed the bond as surety. One of the conditions of the bond is that Adams should keep "a quiet house."

Adams pursued the business authorized until the 12th day of July, 1909, when an Act of the first called session of the Thirty-first Legislature, known as the Robertson-Fitzhugh law, took effect, which contains this provision:

"Sec. 35. All laws and parts of laws in conflict with this Act are expressly repealed. Providing, all of the provisions relating to the sale of intoxicating liquors contained in any special charter granted by the Legislature to any city or town shall not be repealed by this Act, but the same shall be cumulative thereof. Provided that as soon as this law goes into effect all licenses heretofore issued shall immediately cease and determine, but the holders of such licenses shall have until sixty days after this Act takes effect in which to obtain licenses under this Act, said licenses to be dated as of the date this Act takes effect, and the tax collector shall give such licenses credit for the unearned portion of such cancelled license as of the date this Act takes effect; and provided, during said sixty days said licensee shall have the right to pursue his business under and in accordance with the cancelled license and the laws applicable to the same, which for that purpose are hereby kept in force for said sixty days."

Adams continued his business after the last law took effect for more than sixty days after the 12th day of July, 1909, without taking out another license.

This suit was instituted in the District Court of Limestone County in the name of the State of Texas for the use of Limestone County to recover the penalty for each of six breaches of the condition of said bond requiring Adams to keep a quiet house, which breaches were alleged to have occurred on, respectively, January 25, 1909, in the month of February, 1909; in the month of March, 1909; on the 15th day of August, 1909; on the 20th day of August, 1909, and on September 3, 1909. Judgment was entered against Adams and the American Surety Company of New York for the penalty, Five Hundred Dollars for each alleged breach, with interest. Upon appeal to the Court of Civil Appeals of the Fifth District, the judgment of the District Court was affirmed.

The liability of the Surety Company is based upon the bond and the bond was conditioned to secure the performance of the duties imposed upon the licensee. It follows that when the license ceased to exist as authority to the licensee to sell, the obligation of the Surety Company was also terminated.

The language: ''Provided that as soon as this law goes into effect all licenses heretofore issued shall immediately cease and determine,'' is unambiguous, and as the law took effect on the 12th day of July the license became void on that day.

It is claimed that the next succeeding proviso had the effect to keep the license in force for sixty days: ''And provided, during said sixty days said licensee shall have the right to pursue his business under and in accordance with the cancelled license and the laws applicable to the same, which for that purpose are hereby kept in force for said sixty days.''

The general rule of construction that all statutes providing penalties shall be strictly construed is applicable here. The language of the second proviso had the effect to give to the *cancelled* license the special effect to permit Adams to carry on his business during the sixty days of privilege granted by the Act of 1909. This was not the license which was supported by the bond, but was in fact a license granted by the Legislature—that is, from the 12th day of July to the 10th day of September. Under that proviso the license would have terminated in this case on the 10th day of September, eleven days before its limit under the license as granted.

If Adams' license had been granted earlier so that its time would have expired on the 15th day of July, the proviso would have continued it in force until the expiration of sixty days from July 12th, giving him the right to sell for fifty-seven days longer than the license originally provided for.

It will be observed that the extension given by the proviso was to allow Adams to pursue the business for sixty days without regard to limitation of time in the original license. The time fixed in the license was extended if necessary to reach the sixty-day limit, or the time was shortened if it would overreach the sixty days granted by the statute. These facts show that the license expired July 12, 1909.

We are of opinion that the Surety Company was not bound for the breaches of the condition to keep a quiet house, which occurred after July 12, 1909. But we see no reason to reverse the judgment for the penalties for breaches which occurred prior to that date.

The 35th section of the law of 1909, quoted above, gave to Adams the privilege to continue his business under the cancelled license for sixty days, or until he should apply for and obtain a license under the new law, and as he did continue his business it will be conclusively presumed that he accepted the terms of that law, and the acts done by him after the 12th day of July, 1909, in violation of the condition of his bond, made him liable for the penalties prescribed in the law and the bond. The judgment will be affirmed as to Adams.

The American Surety Company is liable upon its bond for the penalties accruing prior to July 12th, 1909. Therefore the judgment is reversed as to the Surety Company and will be here rendered in favor of the State, for the use of Limestone County, against the Surety Company upon its bond as surety for Adams for Fifteen Hundred Dollars, being the penalties which accrued prior to July 12th, 1909, and for all costs incurred by the State in prosecuting the claim as against him. It is therefore ordered that the State of Texas, for the use of Limestone County, recover of The American Surety Company the sum of Fifteen Hundred Dollars, and that the said Surety Company recover of the State of Texas all costs incurred by it in prosecuting this appeal to the Court of Civil Appeals and to this Court.

*Reversed, reformed and rendered.*