[L. A. No. 9450. Department One.—August 20, 1928.]

ABBIE S. PALMER, Appellant, v. THE CONTINENTAL CASUALTY COMPANY (a Corporation), Respondent.

Ben M. Goldman for Appellant.

Joe Crider, Jr., and Clarence B. Runkle for Respondent.

CURTIS, J.— Grant McCartney was, on the twenty-eighth day of December, 1923, and for some years prior thereto had been, a licensed real estate broker under the provisions of an act of the legislature of this state (Stats. 1919, p. 1252). On that day the plaintiff deposited with him the sum of two thousand dollars, which sum of money he was to use in making the first payment on a piece of real

property which plaintiff had agreed to purchase. He failed to use said money for that purpose, but evidently converted the same to his own use, and some time subsequent to the sixth day of March, 1924, he absconded without ever having paid any part of said money upon the purchase price of said property as directed by the plaintiff. Prior to the year 1923 no bond was required of one following the business of a real estate broker, but during that year the law was amended requiring that all applicants for a broker's license should file with the real estate commissioner a satisfactory bond in amount of two thousand dollars, conditioned for the faithful performance by said broker of any undertaking as a licensed real estate broker under said act (Laws 1923, p. 93). By said act, both in its original and amended form, all licenses expired on the thirty-first day of December of the year in which they were issued. On the thirty-first day of December, 1923, the defendant herein, The Continental Casualty Company, a corporation, gave and executed its bond or undertaking in compliance with the amendatory provisions of said act as surety of the said Grant McCartney, conditioned for the faithful performance by the said Grant McCartney of every undertaking entered into by him as a licensed real estate broker under said act or acts amendatory thereof, for the period commencing January 1, 1924, and ending on December 31, 1924. On January 7, 1924, Grant McCartney filed with the real estate commissioner of the state his application for a license to act as a real estate broker for the year 1924, together with said bond executed by said defendant, The Continental Casualty Company. There was opposition to the granting of his application and it was first denied, but upon a further showing on McCartney's part it was granted on the sixth day of March, 1924, and sent to him by mail. It was never delivered to him, undoubtedly due to the fact that he had absconded, and was subsequently returned by the postal authorities to the office of the state real estate commissioner. The plaintiff thereupon instituted this action upon said bond to recover from the bonding company the money paid to him on December 28, 1923. At the trial the foregoing facts were either proven or stipulated to by the parties to the action. The trial court found for the defendant, the bonding company, and the plaintiff has appealed. It was incumbent

upon the plaintiff, in order for her to recover on the bond, to establish that McCartney had converted to his own use or embezzled the money paid him by plaintiff during the time the bond was in effect. The condition of the bond was that ''the said above bounden, Grant McCartney, doing business as Grant McCartney Co., will comply with the provisions of that certain act (giving its title), and will faithfully perform every undertaking entered into by him as a licensed real estate broker under the said act, and acts amendatory thereof.'' While this bond was executed and bore date the thirty-first day of December, 1923, it only purported to cover the undertakings of the principal entered into by him as a licensed real estate broker for the period beginning January 1st and ending December 31, 1924. As we have already seen, the license under which he was doing business during the year 1923 expired on the last day of that year. The bond was issued on condition that a license issue to McCartney for the year 1924. The license was not issued to him, as we before said, until March 6, 1924, and he could not legally carry on the business of a real estate broker, after his license expired on December 31, 1923, until this new license was issued, on March 6, 1924. The bond, therefore, did not become effective before the date of March 6, 1924, and the bonding company was not responsible for any transaction entered into by McCartney prior to March 6, 1924. In addition to the facts already recited, the evidence shows that the plaintiff paid to McCartney the two thousand dollars by check dated December 28, 1923, on the Pacific Southwest Trust and Savings Bank of Los Angeles. This check was paid by the bank on January 3, 1924. The plaintiff called at McCartney's office some time in March, 1924, and he was out. She called the next day and was told that he had disappeared. The evidence does not show what day in March it was that plaintiff called at McCartney's office. It was conceded that it was after March 6th. Appellant, in her briefs filed herein, claims that it was on the 28th of March. Assuming this to be the fact, although we find no evidence to that effect, we fail to see how plaintiff has made out her case against the bonding company. The burden was upon her to establish the fact that McCartney misappropriated the money during the time the bond was effective. There is not a scintilla of evidence in the record to

show the time when McCartney made this misappropriation. Appellant claims that he did not abscond until after the sixth day of March, 1924; that this fact is some evidence that he misappropriated the money subsequent to that date. This claim cannot be sustained. His absconding may have been the result of his embezzlement, but that fact offers no proof whatever as to when the embezzlement occurred. Appellant has failed to show any right to recover on the bond, and for this reason the judgment must stand.

■ Appellant contends that the trial court erred in finding that McCartney's license was not effective until March 9, 1924. The uncontradicted evidence is that it became effective March 6, 1924. But this discrepancy between the proof and the findings is of no consequence whatever. Appellant, as we have before stated, failed to show the date of McCartney's defalcation. Her evidence is just as deficient upon this issue, whether we accept March 6th or March 9th as the effective date of McCartney's license. Neither is there any merit in appellant's contention that the trial court erred in finding that McCartney's application was denied on February 20, 1924. The undisputed evidence shows this to be the fact. Equally untenable is appellant's claim that the court erred in finding that McCartney was not a licensed real estate broker during the period from January 1, 1924, to March 6, 1924. We have already shown the reason why this claim is unfounded.

■ Finally, appellant contends that the court erred in finding that Grant McCartney appropriated said sum of two thousand dollars to his own use prior to March 6, 1924. If it be true that there is no evidence to support this finding, it does not necessarily follow therefrom that the appellant was prejudiced by reason of said finding, for the reason that there is an entire absence of any evidence in the record as to when said misappropriation occurred. All that was necessary for the court to have found was that the money was not appropriated by McCartney after his license was issued to him on March 6, 1924. Such a finding is well within the evidence. The court went further than was necessary, and found not only that the money was not appropriated after the license was issued, but also that it was appropriated prior thereto. It may be said, however, that

as the money was appropriated either before or after the license was issued, and as there was no evidence to prove that it was appropriated after the license was issued, it necessarily must have been appropriated before the issuance of the license. Considering the evidence in this light, the finding complained of may well be said to find support in the evidence. We find no reversible error in the record.

Judgment affirmed.

Seawell, J., and Preston, J., concurred.

Hearing in Bank denied.

All the Justices present concurred.