### POPE v. STATE et al.

#### No. 3242.

Court of Civil Appeals of Texas. El Paso.

Sept. 19, 1935.

Lee, Porter & Latham, of Longview, for appellant.

William McCraw, Atty. Gen., and Tom D. Rowell, Jr., T. F. Morrow, and Archie D. Gray, Asst. Attys. Gen., for appellees.

HIGGINS, Justice.

The state of Texas and the Railroad Commission brought this suit against the Keystone Refining Company, alleged to be a partnership composed of S. B. Pope and Alonso Nix, to recover statutory penalties for alleged violations of orders of the commission made to prevent "waste" under the oil and gas conservation acts and applying to the East Texas oil field.

The case was tried without a jury and judgment rendered against Pope for penalties in the aggregate sum of $6,500. The court found that plaintiffs had failed to establish a partnership between Pope and Nix and that Nix had not participated in any of the refinery operations complained of. Judgment against Nix and the Keystone Refinery Company was denied. Pope appeals.

In this state a partnership is not suable in its firm name as a legal entity. Frank v. Tatum, 87 Tex. 204, 25 S. W. 409; Glasscock v. Price, 92 Tex. 271, 47 S. W. 965; Tonn v. Inner Shoe Tire Co. (Tex. Civ. App.) 260 S. W. 1078.

The petition attempts to sue the partnership alleged. The reference to Pope and Nix is merely descriptive of the partnership attempted to be sued. Throughout the petition and in the prayer the reference is to the "defendant" in the singular sense. The point was raised by Pope by special exception which was overruled, to which ruling he assigns error.

The error in overruling the exception is perhaps harmless since judgment against the alleged partnership entity was denied. But there was no pleading which would support a judgment against Pope individ-

476

ually and it was error to render such a judgment. Frank v. Tatum, supra.

Such error is apparent upon the face of the record and fundamental.

We are of the further opinion the court erred in overruling Pope's application for continuance and denial of trial by jury. The assignments complaining thereof are sustained. The case was originally filed in the One Hundred Twenty-fourth district court of Gregg county. On October 8, 1934, it was transferred to the Seventy-first district court and there set for trial on October 10th, on which date it was called and tried before the court after motion for continuance had been overruled and Pope's request to have the case placed upon the jury docket for trial before a jury, in its regular order, denied. We will not incumber the opinion with statement of all the facts upon the motion for continuance and demand for jury. We have fully considered same and reached the conclusion upon the facts shown the court erred in its rulings.

■ It was also error to award interest upon the judgment. Missouri, K. & T. R. Co. v. State (Tex. Civ. App.) 97 S. W. 724; Adams v. State (Tex. Civ. App.) 146 S. W. 1086; Id., 105 Tex. 374, 150 S. W. 591.

■ Complaint is also made of the overruling of special exceptions to the petition for want of certainty.

This is a suit to recover statutory penalties. In such cases the pleadings are strictly construed. The facts constituting the offense must be charged with the same degree of certainty as is required in a bill of indictment. State v. Williams, 8 Tex. 255; Redus v. Blucher (Tex. Civ. App.) 207 S. W. 613; Dorrance & Co. v. International Ry. Co. (Tex. Civ. App.) 126 S. W. 694; Kansas City R. Co. v. Cole (Tex. Civ. App.) 149 S. W. 753; Missouri R. Co. v. Harrell Gin Co. (Tex. Civ. App.) 187 S. W. 376.

Under this rule the exception contained in paragraph 9 of Pope's answer was well taken. Possibly some of the other exceptions relating to want of certainty are well taken. In any event, the petition should be amended so as to clearly conform to the rule announced above.

The constitutional question raised by appellant is foreclosed against him by Culver v. Smith (Tex. Civ. App.) 74 S.W.(2d) 754, Flannery v. State, 85 S.W.(2d) 1052, and Culver v. State 85 S.W.(2d) 997; the last two cases recently decided by this court.

Reversed and remanded.