EBY et al. v. UNITED STATES FIDELITY & GUARANTY CO.

No. 12007.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 16, 1949.

Rehearing Denied Dec. 14, 1949.

458

Cox, Patterson & Freeland, McAllen, Hardin & Little, Edinburg, for appellants.

Taylor, Cox, Wagner & Adams, Brownsville, J. Russell Mount, Houston, for appellee.

NORVELL, Justice.

George Eby, Jr., and Post Produce Company have appealed from a judgment that they take nothing against United States Fidelity and Guaranty Company, the surety upon a bond prescribed by the Commissioner of Agriculture and submitted in accordance with the provisions of Article 1287—2, Vernon's Ann.Civ.Stats., which permits the giving of one surety bond to guarantee compliance by a licensed citrus fruit or vegetable dealer with the provisions of the Citrus Fruit Growers Act and the Agricultural Protective Act, H.B. 99, Acts 1937, 45th Leg., p. 464, Ch. 236, Article 118b, Vernon's Ann.Civ. Stats., Article 1700a—3, Vernon's Ann. Penal Code; H.B. 557, Acts 1937, 45th Leg., p. 926, Ch. 443, Article 1287—1, Vernon's Ann.Civ.Stats.

W. Massey was the principal named in the bond. The Commissioner of Agriculture never issued a license to Massey under either of the acts mentioned and the controlling question upon this appeal is whether or not the surety may be held for the default of a nonlicensed principal.

On February 16, 1948, W. Massey made application to the Commissioner of Agriculture for a license as a citrus fruit and vegetable dealer, in accordance with the provisions of the two acts of the Legislature above mentioned. Both acts provide for the filing of an application for a license, Article 118b, § 3; Art. 1287—1, § 4, which shall be accompanied by a bond. Art. 118b, § 4(b); Art. 1287—1, § 5.

The bond here sued upon was submitted with Massey's application for a license and endorsed as "approved" by the Commissioner of Agriculture on the date of filing. This bond is described by its heading as "Bond of Licensed Citrus Fruit And/Or Vegetable Dealer."

Both acts here involved provide that under certain conditions an application for a license may be refused by the Commissioner. Art. 118b, § 4; Article 1287—1, § 6. Seemingly a larger field of discretion is left to the Commissioner under the Agricultural Protective Act than under the Citrus Fruit Growers Act. Massey's application was filed under both acts and would, consequently, have to meet the requirements specified in each of said enactments. However that may be, the Commissioner did not issue a license to Massey, but refused to do so, and the correctness of that ruling is not subject to question in this proceeding. At the time Massey purchased fruits and vegetables from both Eby and Post Produce Company (February 19, 25, 26 and 27, 1948) he had no license and was operating in violation of law. Art. 118b, § 2; Art. 1700a—3, P.C.; Art. 1287—1, §§ 4, 7.

Eby's claim for fruit and vegetables sold to Massey amounted to $2,441.20, for which he was awarded a judgment against Massey. The Post Produce claim (which was consolidated with the Eby claim for trial) amounted to $822.25, but Post was unable to perfect service upon Massey, who was a fugitive from justice, according to the trial court's findings recited in the judgment. Consequently, Post Produce Company dismissed as to Massey.

The trial court held that the bond never became effective because no license was issued to Massey.

In our opinion the trial court was correct in so holding. The statute

requires and contemplates that a bond be tendered with the application for license. This tender of a satisfactory bond is a prerequisite to the granting of a license. Asa S. Agar, Inc., v. Texas Underwriters, Tex.Civ.App. 129 S.W.2d 374. This bond is one provided for by statute, and it was not contemplated that said bond should become effective until a license had been issued. In view of the applicable statutes, it can not be said that the bonding company by furnishing a bond to accompany the application for license in accordance with the statute intended to guarantee performance on the part of a non-licensed buyer of agricultural products operating in violation of the two licensing acts here involved.

 The purpose of said acts is to protect fruit and vegetable growers from buyers who are dishonest or financially irresponsible. To this end, the licensing of fruit and vegetable dealers is provided for. Both the Citrus Fruit Growers Act and the Agricultural Protective Act make provision for the issuance of identification cards for dealers and their agents so that persons dealing with fruit and vegetable buyers may ascertain whether or not such persons are licensed by the State. Art. 118b, § 12, Art. 1287—1, § 4. While the State sets certain standards for the issuance of a license, requires a bond for the protection of sellers to licensed dealers and prosecutes those who buy fruits and vegetables without a license, it is incumbent upon the seller to ascertain whether or not he is dealing with a licensed buyer. This for his own protection, as the statutory bond on the form prescribed by the Commissioner of Agriculture does not cover the dealings of one to whom the State has refused a license. Adams v. State for the Use of Limestone County, 105 Tex. 374, 150 S.W. 591; Texas Underwriters v. Martinal, Tex.Civ.App., 140 S.W.2d 582; Timmerman v. Hartford Accident & Indemnity Co., 243 Mich. 338, 220 N.W. 752, 753.

We quote the following from the case last cited: "The bond in suit was not a common-law bond, but one required by statute in case of license granted to the principal and, in case no such license was granted, was wholly inoperative. The surety executed the bond to perform a statutory indemnity purpose and, in fact and law, it was not operative except in furtherance of the statutory purpose. See Howard v. Hess, 63 Mich. 725, 30 N.W. 333. The recital in the bond that the principal had applied for a license was a statutory requirement and constituted no estoppel. If this bond had been filed with the commission, it would have been a nullity because no license was granted. The bond never served the purpose for which it was signed by the surety, and never became an obligation upon which the surety could be held for any act of the principal."

The judgment appealed from is affirmed.