**TREON et al. v. RICHTER.**

No. 12617.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 27, 1954.

Rehearing Denied March 3, 1954.

Kelley, Looney, McLean & Littleton, Jackson Littleton, Sidney Farr, Sid L. Hardin, Edinburg, for appellants.

Strickland, Wilkins, Hall & Mills, Mission, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Cameron County by Ervin Richter against Roland G. Treon, d/b/a Doc Treon Produce Company, hereinafter referred to as Treon, seeking damages under the Agricultural Protective Act, Art. 1287–1, Vernon's Ann.Civ.Stats., for Treon's alleged breach of a contract to purchase a forty-acre field of corn belonging to Richter. Judgment was also sought against Hartford Accident and Indemnity Company, hereinafter referred to as Hartford, as surety upon Treon's bond given in compliance with the Agricultural Protective Act.

Under the favorable findings of the jury, judgment was rendered in Richter's favor in the sum of $1,552.25, with interest, and both Treon and Hartford have prosecuted this appeal.

Appellants, by their first four points, present the contention that neither is liable because the contract called for a cash transaction and was not in writing.

We overrule these contentions. The purpose of the Agricultural Protective Act is to protect fruit and vegetable growers from buyers who are dishonest or financially irresponsible. Eby v. U. S. Fidelity & Guaranty Co., Tex.Civ.App., 225 S.W.2d 457. The record here fails to show that this contract was to be a cash transaction, and therefore the dealer had thirty days after delivery within which to pay for the corn, and this was the kind of a transaction which the act was intended to cover. The act, in effect, makes it the duty of the dealer to reduce the contract to writing and furnish the seller a copy. Art. 1287–1, §§ 6 and 7(b). Treon, or his agent, cannot fail to do that which the act requires of him and then plead his own neglect or failure as a reason for escaping liability, nor can his surety escape liability for such neglect or failure.

The contract was entered into on May 24, 1950, and the harvesting was not to begin until May 26, 1950, and it was understood that the field would have to be gone over two or more different times to get all the corn. When the contract was made, constructive possession of the corn was given to Treon and there is nothing to indicate any payment was to be made until after the harvest was completed. Under such circumstances Treon had thirty days after he had harvested the corn to make payment and the contract did not call for a cash transaction.

The contract was made by one Mulliere, acting as agent for Treon, and the evidence shows conclusively that Mulliere was the agent of Treon. There was no question of agency to be submitted to the jury and the court properly found that Mulliere was Treon's agent as a matter of law.

The court also properly allowed interest at the rate of 6% from May 26, 1950, as a matter of law. Ewing v. Wm. L. Foley, 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627; Settegast v. Timmins, Tex.Civ.App., 6 S.W.2d 425; Watkins v. Junker, 90 Tex. 584, 40 S.W. 11; Routon v. Phillips, Tex.Civ.App., 246 S.W.2d 223.

Accordingly, the judgment is affirmed.