**GLOBE INDEMNITY COMPANY,**
Appellant,

v.

**John C. WHITE, Commissioner of Agriculture, et al., Appellees.**

No. 13555.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 3, 1960.

Rehearing Denied March 3, 1960.

On October 7, 1957, approximately three months before being issued the above license, Gerber & Co. entered into a contract with Martha M. Russell, doing business as Russell Plantation, whereby Mrs. Russell was to grow 227 acres of lettuce in Cameron County and Gerber & Co., were to pay her $60 per acre for a ⅗ interest in the crop. The $60 per acre was to be paid in three equal installments. The first installment would be due when the lettuce was planted and watered, the second, when the lettuce was cleaned and thinned, and the third, approximately seventy days from the time of the first payment. Gerber & Co. reserved the right at their option to stop payment at any time during the term of the contract, in part or in whole, if unsatisfactory results or negligence was evident. The contract contained other provisions, with reference to the harvesting, packing and marketing of the entire crop of lettuce when matured.

Gerber & Co. made the first two payments of $20 per acre, and on January 6, 1958, gave Mrs. Russell a check for the third installment, but later payment was stopped on this check, and it is the sum of $4,540, for which this check was given, that forms the basis of the lawsuit. There was a hearing of this matter before the Commissioner of Agriculture in which he made findings favorable to Mrs. Russell.

Cox, Patterson, Freeland & Horger, McAllen, for appellant.

Will Wilson, Atty. Gen., Ransome & Ray, Brownsville, for appellees.

MURRAY, Chief Justice.

This is an appeal from a judgment of the District Court of Cameron County, Texas, in the sum of $4,540, in favor of John C. White, Commissioner of Agriculture of the State of Texas, for and on behalf of Martha M. Russell, against Globe Indemnity Company as surety on the bond of Arthur Gerber and Company.

On January 2, 1958, Gerber & Co. were issued a license by the Commissioner of Agriculture to do business in the State of Texas as a commission merchant, under the provisions of Art. 1287–1, Vernon's Ann.Civ.Stats., known as the Agricultural Protective Act. Gerber & Co. gave the $5,000 bond required, with Globe Indemnity Company as surety.

The parties agree that the all-important question is whether or not the obligation herein sued upon is within the provisions of Art. 1287–1, Vernon's Ann.Civ.Stats. It will be noted that the suit is brought under the provisions of said Art. 1287–1, and is strictly on the bond; that Gerber & Co. are not made parties, and the only defendant Globe Indemnity Company, the surety on the bond, so unless this suit is within the provisions of said Art. 1287–1 the judgment cannot be upheld.

In Agar, Inc. v. Texas Underwriters, Tex.Civ.App., 129 S.W.2d 374, this Court, in construing the provisions of Art. 1287–2, a similar statute, held that a person who

had furnished to a shipper of citrus fruit, boxes, nails, wraps, baskets, picking rings, sacks, etc., did not come under the protection of that article.

In Central Surety & Insurance Corporation v. Hankins, 140 S.W.2d 360, 361, this Court, in construing the Agricultural Protective Act, speaking through Justice Norvell, said:

"As appellee failed to prove that the transaction giving rise to his cause of action was one covered by the Agricultural Protective Act or the bond executed by the appellant, the judgment of the trial court will be reversed * * *."

■ A reading of Art. 1287–1, supra, leaves no doubt that it was the intention of the Legislature to protect consignors or producers of farm products from the fraud, deceit or willful negligence of commission merchants, dealers or brokers handling such produce. It should not be extended to a contract to furnish money to help grow such produce.

■ The suit here is based entirely upon that part of the agreement wherein Gerber & Co. agreed to furnish money to help grow the lettuce, and is not based upon any provision of the contract relating to the gathering and shipping of the lettuce.

The obligation upon which Mrs. Russell here sues is not within the provisions of Art. 1287–1 or the bond given by Gerber & Company.

The judgment is reversed and judgment here rendered that Mrs. Russell take nothing and pay all costs of this and the court below.

Reversed and rendered.