ANDREWS, Judge.
This is an appeal from a final judgment in favor of the plaintiff, E. N. Davis, and against the Hudson Company, Inc. of Winter Garden as principal in the amount of $27,843.90, and against Gulf American Fire and Casualty Company and General Guaranty Insurance Company as sureties for $10,000.00 and $8,000.00, respectively, plus each such defendant’s pro rata share of costs and attorneys’ fees.
The Hudson Company operated as a licensed citrus fruit dealer for the season 1958-59, and had applied for renewal of its license for the new shipping season beginning August 1, 1959. Attached to its application for license was citrus fruit dealer’s bond dated September 14, 1959 in the amount of $10,000 executed by it as principal and by the defendant Gulf as surety pursuant to § 601.61, F.S.A., Florida Citrus Code of 1949, as amended. The issuance of the license was withheld, however, because of certain claims pending against the Hudson Company for the prior year. It appears that these difficulties were later worked out and the Commission approved the application conditioned upon the posting of an additional surety bond in the amount of $8,000. The defendant General Guaranty became surety on such additional bond on November 11, 1959.
*637 The Citrus Commission acted upon the application at a meeting" held on November 11, 1959, as a result of which a license for the season 1959-60 was issued to the Hudson Company.
Davis, as seller, entered into a contract dated October 1, 1959 to sell to the Hudson Company, as buyer, certain oranges from Davis’ groves. The Hudson Company agreed to pick and remove the oranges before December 25, 1959, but on October 5, 1959 repudiated its contract with Davis. Davis in turn notified the Hudson Company that he would sell the remaining fruit for the best price obtainable and would hold it liable for damages.
On October 13, 1959 Davis filed a complaint against the Hudson Company with the Commissioner of Agriculture as authorized by § 601.66, F.S.A.
The Commissioner of Agriculture entered his order in favor of the plaintiff. Davis then filed his complaint against Hudson Company, Gulf and General Guaranty. Summary judgment was granted “on the issue of liability” in favor of Davis. The issue of damages was tried by the court without a jury, and judgment was entered. Gulf and General Guaranty took separate appeals to the Supreme Court of Florida. Said court transferred both appeals to this court in that the issues involved were within the jurisdiction of this court. The causes have been consolidated for consideration here.
We are called upon to determine the date a bond of a licensed citrus fruit dealer, executed pursuant to § 601.61 et seq., F.S.A., becomes effective.
Under the provisions of the Florida Citrus Code of 1949, as amended, F.S.A. § 601.55, “[n]o person shall act as a citrus fruit dealer in this state without having obtained a license for each shipping season.”
Application for such a license is made to the Florida Citrus Commission by supplying the information required by § 601.56, F.S.A.
§ 601.61(1), F.S.A., provides in part that:
“ * * * before any license is granted by the commissioner [of agriculture] to any person * * *, the applicant therefor must deliver to the commissioner a good and sufficient cash bond or surety company bond * * * conditioned upon full compliance with the terms and conditions of all contracts, verbal or written, made by the citrus fruit dealer with producers, or with other citrus fruit dealers * * *. Said bond shall be to the commissioner and his successors in office, in favor and for the use and benefit of every producer and of every citrus fruit dealer with whom applicant deals in the purchase, handling, sale, and accounting of purchases and sales of citrus fruit. * * * Every such bond shall continue in force and effect until ninety days after the termination of the shipping season for which it is given. * * * ”
The commission is then required to examine the information contained in the application, and if the commission is of the opinion that the applicant is qualified, it must approve the application. § 601.57, F.S.A. After the application has been approved and all fees paid, the commission is required to issue the applicant a citrus fruit dealer’s license for the current or ensuing “shipping season”. § 601.60, F.S.A. “Shipping season is a period of time extending from August first of one year to July thirty-first of the following year.” § 601.03 (33), F.S.A.
§ 601.61(2), F.S.A., provides that if the citrus fruit dealer is not engaged in an activity requiring a bond, then the license “shall bear a descriptive statement to the effect that the licensee is not a bonded citrus fruit dealer.” § 601.731 requires all vehicles hauling fruit in bulk on the highways to bear the words “Licensed Citrus Fruit Dealer” in letters “three inches minimum size”. The purpose of these requirements is to enable those dealing with fruit *638 dealers to determine whether they are dealing with a bonded licensed citrus fruit dealer. It should be pointed out that on cross-examination Davis testified that he did not have “any idea” whether the Hudson Company was a licensed dealer on October 1, 1959, and that no “occasion” arose for him to discuss whether or not Hudson was licensed.
A careful reading of the above statutes will disclose that they do not state expressly when bonds issued pursuant thereto become effective. The plaintiff Davis contends the bonds became effective on August 1, 1959, the first day of the “shipping season,” and that he is not required to show that a license has been issued to the principal in order to sue on the bonds. The defendants Gulf and General Guaranty ■maintain that the bonds did not become •operative until the Hudson Company had been issued its license on November 11, 1959, and that they are not liable for acts ■of the Hudson Company which transpired •prior to the effective date of the bonds.
Apparently, this matter has not been considered previously by the courts of this State. A case involving very similar statutes and conditions, however, has been considered by the Texas Court of Civil Appeal in Eby v. United States Fidelity & Guaranty Co., Tex.Civ.App.1949, 225 S.W.2d 457. This case held that the bond did not -become effective because the license was never issued. The fact that the license was later issued is immaterial in that the dealings by the plaintiff here with the dealer were at a time when he was not authorized to do business as a licensed fruit dealer.
Other cases reaching the same conclusion on similar facts are Palmer v. Continental Casualty Co., 1928, 205 Cal. 34, 269 P. 638, construing a statutory real estate broker’s bond, and Timmerman v. Hartford Acc. & Indemnity Co., 1928, 243 Mich. 338, 220 N. W. 752, construing a statutory bond of a licensed dealer in securities. 53 C.J.S. Licenses § 36. In the Palmer case, supra, a license was ultimately issued but subsequent to the act sued on, and it was held that the bond did not become effective until the license was issued, and that the bonding company was not responsible for any transaction entered into by the principal pri- or to that time.
The Florida statute contemplates the tender of a satisfactory bond as a prerequisite to the granting of a license, and it is not contemplated that said bond should become effective until a license has been issued.
The statute sets standards for the issuance of a license, and requires bond for the protection of sellers of citrus fruit to' licensed dealers, and provides means to prosecute those who buy fruit without a license. It is incumbent upon the seller of fruit for his protection to ascertain that he is dealing with a licensed buyer. The bond required to be filed by a licensed dealer does not cover the dealings of one to whom the State has not issued a license, nor is the bond intended to guarantee performance on the part of a non-licensed dealer.
For the above reasons we hold that a surety bond given as a condition for a license under § 601.61, F.S.A., does not become operative and the sureties thereon do not become liable until the bond is accepted by the licensing authorities and a license has been issued to the principal.
Accordingly, the judgment entered against the defendants Gulf and Guaranty is reversed with directions to dismiss the cause as to said defendants.
Inasmuch as the defendant Hudson Company did not appeal, the judgment against said party stands as entered by the trial court.
Reversed, with directions.
WHITE, Acting C. J., and TEDDER, GEORGE W., Jr., Associate Judge, concur.