**Jack BRYANT, Appellant,**

v.

**L. H. MOORE CANNING CO. et al.,
Appellees.**

**No. 856.**

Court of Civil Appeals of Texas,
Corpus Christi.

April 30, 1974.

Joe W. Walsh, Joe W. Walsh & Associates, Brownsville, for appellant.

Asa V. Bland, Jr., Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, Marshall W. Graham, Adams, Graham, Lewis, Jenkins & Graham, Harlingen, for appellees.

### OPINION

NYE, Chief Justice.

This is an appeal from an order dismissing plaintiff's suit for damages. Jack Bryant, the appellant, sold a crop of beets to L. H. Moore Canning Company, the appellee. The appellee failed to make payment for the beets whereupon the appellant made claim against the appellee under the provisions of the Agricultural Protective Act, Article 1287–1, Vernon's Ann.Civ.St. The commissioner ultimately made findings

in favor of the appellant. Whereupon the appellant brought this suit for damages against the appellee and Hartford Accident and Indemnity Company, as surety on the bond for the canning company, to enforce the findings of the Commission of Agriculture. The canning company did not appeal from the order of the commissioner.

This present suit was brought to enforce the findings, the conclusions, and the order of the Commissioner of Agriculture. The appellees excepted to any reference in the appellant's petition to any decisions or action taken by the Texas Department of Agriculture and any reference to violations by appellant of the Agricultural Protective Act. These exceptions were sustained. The plaintiff refused to amend his pleadings and his cause of action, whereupon his suit was dismissed by the trial court.

The appellant was the producer, seller and owner of vegetables and appellee canning company was a dealer in vegetables within the meaning of the Agricultural Protective Act. The facts set forth in this opinion are taken from appellant's petition. On November 14, 1967 the appellant and the canning company entered into a contract for the sale of a beet crop from the appellant to the canning company. The appellant grew the beets and complied with the contract but the canning company allegedly refused to designate a harvest date while the beets were of marketable size, harvested only a small part of the crop, and failed and refused to harvest the rest of the crop.

The appellant filed his verified complaint with the Commission of Agriculture on or about July 2, 1968 complaining of appellees. The commissioner conducted a hearing whereby the parties appeared and were represented by counsel. On November 5, 1968 the commissioner by letter announced his conclusions and rulings and made certain findings of fact in favor of appellant. Under date of March 31, 1970 the commissioner entered his order in complete favor of appellant and found that Moore Canning Company was indebted to appellant in the sum of $26,760.00. The canning company did not appeal this order. This suit was then brought on June 11, 1970 to enforce the conclusions and findings and order of the Commissioner of Agriculture.

Appellant's only point of error is that the trial court erred in dismissing this cause because the appellant had a right to enforce the findings and order of the Commissioner of Agriculture against the appellees. The appellant argues that the sole question on this appeal is whether the appellant had the right to enforce the findings and order of the Commissioner of Agriculture made under the provisions of the Agricultural Protective Act (Article 1287-3, V.A.C.S.).

The Agricultural Protective Act (article 1287-3, V.A.C.S.) is a licensing and penal statute. The purpose of the act is to protect fruit and vegetable producers, handlers, and dealers from dishonest or financially irresponsible buyers. Treon v. Richter, 265 S.W.2d 125 (Tex.Civ.App.— San Antonio 1954, writ ref'd n. r. e.). The article requires licensing and provides as a prerequisite therefor that the licensee shall have surety bonds in various amounts in order to provide financial responsibility in the event of a breach of contract. (See Section 6 of the act). The article establishes a system of licensing and bonding requirements for dealers who purchase produce from the growers. It empowers the Commissioner of Agriculture of Texas to issue such licenses. In the event a license is refused or revoked, the applicant may appeal this determination to the state courts.

However, it is important to note that appellant's suit is not an appeal from the commissioner's determination, as provided for or contemplated by the statute. The commissioner's order revoking the appellee canning company's license was never contested by the canning company. The nature of this suit is not to enforce the order

of the commissioner since the question of the cancellation or reinstatement of the canning company's license is not in dispute. Instead, this suit attempts to make an administrative order res judicata as to those fact findings and issues upon which the order of suspension was based.

At one time it was regarded as the general rule that the doctrine of res judicata did not apply to administrative decisions. Killingsworth v. Broyles, 300 S.W.2d 164 (Tex.Civ.App.—Austin 1957, n. w. h.); Moore v. Thompson, 131 F.Supp. 658 (S. D.Tex.1953). However, the Supreme Court of the United States held out the possibility of application of the rule to certain types of administrative decisions when it stated:

". . . Occasionally courts have used language to the effect that res judicata principles do not apply to administrative proceedings, but such language is certainly too broad. When an administrative agency is *acting in a judicial capacity and resolves disputed issues of fact properly before it* which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." United States v. Utah Construction and Mining Co., 384 U.S. 394, 421–422, 86 S.Ct. 1545, 1559–1560, 16 L.Ed.2d 642 (1966). (Emphasis supplied.)

Texas courts have followed the rationale of the Supreme Court's statement of the rule. The Austin Court of Civil Appeals states:

". . . It is quite true that certain types of administrative actions are properly within the scope of the principal of res adjudicata. *It is the nature of the action, however, which is ·controlling.* We quote from 2 Am.Jur.2d, p. 307:

'In general, the answer given by the courts to the question whether an administrative determination is capable of being res judicata depends upon the nature of the administrative action involved, and the doctrine of res judicata has been applied to administrative action that has been characterized by the courts as "adjudicatory," "judicial," or "quasi-judicial," while to administrative determinations of "administrative," "executive," "legislative," or "ministerial" nature of the rules of res judicata have been held to be inapplicable.'" Railroad Commission v. Phillips, 364 S.W.2d 408 (Tex.Civ.App.—Austin 1963, n. w. h.). (Emphasis added.)

The appellant argues that the findings of the Commissioner of Agriculture in the administrative proceeding in question operate by way of collateral estoppel against the appellees in this subsequent court proceedings as to the matters that were actually and legally determined in the administrative proceedings. Citing Globe Indemnity Company v. White, 332 S.W.2d 454 (Tex. Civ.App.—San Antonio 1960, writ ref'd n. r. e.) and Treon v. Richter, 265 S.W.2d 125 (Tex.Civ.App.—San Antonio 1954, writ ref'd n. r. e.) as authority for the protection of the producers of farm products. These cases are not in point with the case before us.

The order of the commissioner which the appellant urges as being res judicata of the issue of contract liability is one made pursuant to the regulatory licensing statute. Article 1287–3, V.A.C.S., provides, in Section 7, a certain procedure for hearing complaints for violation of the act. Subsection (d) states:

"(d) Upon the conclusion of said hearing and the introduction of all evidence by the respective parties thereto, the Commissioner shall make his decision on the basis of the evidence introduced therein, and shall, if the evidence warrants, issue his order canceling the license of the person complained of."

In Section 14 of the act, the Commissioner of Agriculture is given the power to investigate violations and conduct certain hearings. The latter portion of this sec-

tion is addressed to the enforcement of orders and reads:

". . . The Commissioner shall take such action and hold such public hearing as in his judgment are shown to be necessary after such investigations, and *shall take the proper action with reference to the cancellation or suspension of the license* of any dealer hereunder shown to have been guilty of a violation of the terms of this Act. . . ." (Emphasis added.)

Nowhere is the commissioner given the power to determine or assess money damages, to adjudicate the relative rights of the parties, to interpret or determine contract law, or to enforce money judgments. His power is limited within the framework of the act. Where a prescribed power is granted and the method of its exercise prescribed, the precise method set forth in the act excludes all others and must be followed. Cobra Oil & Gas Corp. v. Sadler, 447 S.W.2d 887 (Tex.Sup.1968).

The Texas Agricultural Protective Act must not be confused with the Perishable Agricultural Commodities Act of the United States Government. The Perishable Agricultural Commodities Act, 7 U.S.C.A. Section 499g(c) provides that when a suit is brought for a violation of the Act "such suit in the district court shall be a trial de novo and shall proceed in all respects like other civil suits for damages, except that the findings of fact and orders or orders of the Secretary shall be prima-facie evidence of the facts therein stated."

It should be noted in conclusion, that our opinion should in no way invalidate the Agriculture Commissioner's order. It was within his power to determine that the act had been violated and that the violator should be punished by the revocation of his license. Such determination, however, cannot now be used as a basis of liability or as a measure of damages in a subsequently filed suit in a court of law. As for the appellant, he must assert a cause of action against the appellees, independent of any determination made under the Agricultural Protective Act, before he can attempt to obtain a legally enforceable remedy.

The order of dismissal by the trial court was correct.

Affirmed.