In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00176-CR


______________________________




ROBERT RAY MAGGARD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 228th Judicial District Court


Harris County, Texas


Trial Court No. 755605




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Robert Ray Maggard pleaded guilty to the offense of aggravated sexual assault of
a child. The trial court sentenced him to forty years' imprisonment on December 18, 1997. 
Maggard did not file a motion for new trial; therefore, his notice of appeal was due by
January 20, 1998, or with a proper request for an extension, by February 4, 1998. See
Tex. R. App. P. 26.2(a)(1), 26.3. However, Maggard did not file a notice of appeal.

 On August 15, 2001, Maggard filed a motion for out of time appeal in the district
court, which was assigned to the First Court of Appeals. The First Court of Appeals
docketed the case, but the matter was transferred to this Court by the Texas Supreme
Court for purposes of docket equalization.

 Because Maggard did not file a timely notice of appeal, we lack jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). (1) 

 The appeal is dismissed for want of jurisdiction.


 Donald R. Ross

 Justice


Date Submitted: November 8, 2001

Date Decided: November 8, 2001


Do Not Publish
1. In Olivo, the Texas Court of Criminal Appeals noted that the denial of a meaningful
appeal because of ineffective assistance of counsel is a proper ground for habeas corpus
relief. Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); see also Tex. Code
Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2001).



s
judicata as an affirmative defense. The trial court sustained the defense and denied expunction.

 Myers contends that the trial court erroneously applied the doctrine of res judicata to deny
her petition for expunction because in the prior expunction proceeding based on the same criminal
charges she failed to prove her eligibility. Because an expunction proceeding is legal in nature, and
because the DPS has met all the elements of its defense, we find that res judicata bars the relitigation
of Myers expunction request.

 Myers contends that an expunction proceeding is administrative in nature, not legal, and
therefore, the legal doctrine of res judicata does not apply. She further argues that because the
expunction statute is remedial in nature, it should be interpreted broadly so it would not bar a
subsequent petition for expunction where denial of the prior petition was for legally insufficient
evidence of the statutory prerequisites.

 The question whether res judicata applies in a given instance is a mixed question of law and
fact. When a matter involving both factual determinations and legal conclusions is decided by the
trial court, Texas appellate courts generally use an abuse of discretion standard of review. Pony
Express Courier Corp. v. Morris, 921 S.W.2d 817, 820 (Tex. App.-San Antonio 1996, no writ). In
applying this standard, we defer to the trial court's factual determinations as long as they are properly
supported by the record, and we review its legal determinations de novo. Pony Express Courier
Corp. v. Morris, 921 S.W.2d at 820 (citing Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992)). 
In this case, the parties do not dispute any factual issue. Because the only issues presented for review
involve purely legal determinations, the proper standard of review is de novo. See Walker v. Packer,
827 S.W.2d at 840.

 The doctrine of res judicata, or claims preclusion, prevents the relitigation of a claim or cause
of action that has been finally adjudicated, as well as all related matters that, with the use of
diligence, could or should have been litigated in the prior action. Barr v. Resolution Trust Corp.,
837 S.W.2d 627, 631 (Tex. 1992). The bar of a claim by res judicata requires proof of the following
elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity
of parties or those in privity with them; and (3) a second action based on the same claims that were
raised or could have been raised in the first action. Amstadt v. United States Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996).

 Myers does not dispute that all three of those elements have been met here. At the hearing,
Myers stipulated that she was presenting the same issues that were presented in her prior petition for
expunction and that there was a final judgment in the prior action. The DPS introduced into
evidence without objection our opinion and mandate from Ex parte Myers, 24 S.W.3d at 477, as well
as the transcript from the hearing in the trial court in that proceeding. This evidence shows that the
same parties have been joined in this expunction petition that were joined in Myers' prior petition. 
Because all three elements have been met by competent evidence, res judicata bars the relitigation
of Myers' new expunction claim.

 Myers asks us to hold that an expunction proceeding is administrative in nature rather than
legal in nature. Expunction actions are legal proceedings that (1) are established and governed by
express statutory provisions, (2) must be filed in a specific court of law, and (3) are decided by
applying past facts to the burden of proof specified in the statute.

 Expunction is a statutory privilege that is granted by, and may be limited by, the Legislature. 
State v. Autumn Hills Ctrs., Inc., 705 S.W.2d 181, 182 (Tex. App.-Houston [14th Dist.] 1985, no
writ). Where a cause of action is created by statute, the statutory provisions must be satisfied in
order to sustain the action. Harris County Dist. Attorney v. Lacafta, 965 S.W.2d 568, 569 (Tex.
App.-Houston [14th Dist.] 1997, no pet.). A petition for expunction, under the statute in effect at
the time of Myers' arrest, must have been filed in a district court for the county in which the person
was arrested. See Ex parte Myers, 24 S.W.3d at 479. An expunction cannot be considered in any
court other than that specified in the statute, because the Legislature's designation of venue is
mandatory and jurisdictional. Id. at 480.

 An expunction action is a special proceeding where the court's actions are not exercised
according to the course of the common law, but according to the express requirements of the
statutory scheme. See Johnson v. Williams, 24 S.W.2d 79, 80 (Tex. Civ. App.-Eastland 1929, writ
ref'd). It is a civil proceeding where the burden of compliance with the statutory burden of proof
rests solely with the petitioner. Ex parte Myers, 24 S.W.3d at 480-81. It is an adversarial proceeding
in which all of the law enforcement agencies and other officials or entities that have records subject
to expunction must be named in the petition. Tex. Code Crim. Proc. Ann. art. 55.02, § 2(b)(8)
(Vernon Supp. 2002). All law enforcement agencies that may have records the petitioner wants
expunged must receive notice of, and are entitled to be represented by counsel at, the expungement
hearing. Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c) (Vernon Supp. 2002). An agency
protesting the expunction may appeal the court's decision in the same manner as in other civil cases. 
Tex. Code Crim. Proc. Ann. art. 55.02, § 3(a) (Vernon Supp. 2002). Texas law governing
expunction of criminal records creates a unique situation in which all persons and agencies party to
an expunction action share not only interwoven, but identical, interests. Ex parte Elliot, 815 S.W.2d
251, 252 (Tex. 1991). Thus, a partial expunction by some, but not all, of the agencies listed in the
petition is not permitted. Id. 

 Because expunction is not a common-law right, but a statutory one, a court has no equitable
power to expand the clear meaning of the statute. Texas Dep't of Pub. Safety v. Katopodis, 886
S.W.2d 455, 458 (Tex. App.-Houston [1st Dist.] 1994, no writ); Texas Dep't of Pub. Safety v.
Wiggins, 688 S.W.2d 227, 229 (Tex. App.-El Paso 1985, no writ). It is clear that an expunction
action is a legal proceeding.

 Myers argues that if expunction were an administrative proceeding, res judicata would not
bar her subsequent expunction petition. We disagree. Even if expunction actions were
administrative proceedings, they are the type of administrative proceedings to which res judicata
applies. In support of her position, Myers cites Davenport v. State, 574 S.W.2d 73 (Tex. Crim. App.
1978), and Bryant v. L.H. Moore Canning Co., 509 S.W.2d 432 (Tex. App.-Corpus Christi 1974,
no writ). The Bryant court pointed out, however, that the principles of res judicata apply in certain
types of administrative actions. Bryant v. L.H. Moore Canning Co., 509 S.W.2d at 434 (citing R.R.
Comm'n v. Phillips, 364 S.W.2d 408 (Tex. Civ. App.-Austin 1963, no writ)). The nature of the
action is the controlling factor in determining whether res judicata applies to an administrative
decision. 

 In judicial proceedings, courts apply law to past facts that remain static. On the other hand,
administrative bodies are concerned with fluid facts and changing policies. Killingsworth v. Broyles,
300 S.W.2d 164, 165 (Tex. Civ. App.-Austin 1957, no writ). From the nature of an expunction
proceeding, even if we assume that it is an administrative proceeding, it is the type of administrative
proceeding in which res judicata would apply to bar relitigation of Myers' subsequent petition.

 Myers argues that res judicata does not apply to decisions of courts performing administrative
functions, citing Davenport v. State, 574 S.W.2d at 432, and Burrows v. Texas Dep't of Pub. Safety,
740 S.W.2d 19 (Tex. App.-Dallas 1987, no writ.). The Burrows court held that a plea of guilty to
a driving while intoxicated charge did not bar an administrative license revocation hearing, pursuant
to the authority of Tex. Rev. Civ. Stat. Ann. art. 6687b, § 22 (Vernon 1977). The situation in
Burrows is not present in this case. There were two separate proceedings of different types and
undertaken pursuant to different statutory provisions. The administrative proceedings under Section
22 of Article 6687b are essentially civil in nature and are not criminal prosecutions. Burrows v.
Texas Dep't of Pub. Safety, 740 S.W.2d at 20 (citing Texas Dep't of Pub. Safety v. Casselman, 417
S.W.2d 146, 147 (Tex. 1967)). Such a proceeding is separate and distinct from a criminal
prosecution for driving while intoxicated. It does not involve the same parties, because the district
attorney's office, charged with prosecuting the offense, has no right to appear at the license
revocation hearing. Nor does the DPS have a right to be represented at the criminal trial of a driving
while intoxicated charge. Furthermore, Burrows relies entirely on Davenport for the proposition that
res judicata does not apply to administrative proceedings. Burrows v. Texas Dep't of Pub. Safety,
740 S.W.2d at 21. The court in Davenport stated that a community supervision revocation hearing
was administrative in nature, and only for that reason held that res judicata did not operate to bar the
state's subsequent motion to revoke community supervision. (1) Davenport v. State, 574 S.W.2d at 76.

 In Ex parte Tarver, the court reached the opposite conclusion than in Davenport. Ex parte
Tarver, 725 S.W.2d 195, 197 (Tex. Crim. App. 1986). The Tarver court held that the doctrine of
collateral estoppel barred the state from prosecuting the appellant for assault after the state failed to
prove the same allegation in a probation revocation hearing. Collateral estoppel (2)
 means that when
an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot
again be litigated between the same parties in any future lawsuit. Ex parte Tarver, 725 S.W.2d at
198 (quoting Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469, 475 (1970)). The
court expressly disagreed with the decision in Davenport. Id. at 199. The court noted that a
community supervision revocation hearing involves a trial court acting as finder of fact, after a full
hearing on an issue at which both the state and an accused are represented by counsel, and to that
extent the court is "acting in a judicial capacity." Id. Accordingly, even if expunction proceedings
were administrative rather than legal, the fact that they take place in a district court, with a trial judge
acting as fact finder, with a full hearing at which all parties have the right to be represented by
counsel, demonstrates that the expunction court is acting in a judicial capacity.

 For the reasons stated, we affirm the judgment of the trial court.



 William J. Cornelius

 Chief Justice


Date Submitted: January 3, 2002 

Date Decided: January 24, 2002


Publish
1. The State's second motion to revoke probation, filed six weeks after the first was denied, 
alleged the same factual bases as ground for revocation that were alleged in the first motion to
revoke. Davenport v. State, 574 S.W.2d 73, 74 (Tex. Crim. App. 1978).
2. Collateral estoppel is issue preclusion, while res judicata is claims preclusion. See Coalition
of Cities for Affordable Util. Rates v. Public Util. Comm'n, 798 S.W.2d 560, 562-63 (Tex. 1990)
(explaining when the doctrines of res judicata and collateral estoppel bar relitigation of claims or
issues).